# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|                   Plaintiff, ) | Case No. 2:12-cr-00063-PMP-CWH |
| vs. ) | **ORDER** |
| MELISSA HACK, ) | |
|                   Defendant. ) | |

      This matter is before the court on Defendant Ross Hack's Motion for Pre-Trial *Brady* Information, Materials and Evidence for Both Government Witnesses Who Have Been Deemed Confidential Witnesses and Those Who Have Not (#185), filed January 20, 2014; the Government's Response (#212), filed February 18, 2014; and Defendant's Reply (#224), filed March 1, 2014. Defendant Leland Jones has joined the motion. (#196).

      On February 28, 2012, the Grand Jury returned a four count Indictment charging each Defendant with: (1) two counts of first-degree murder while on federal land in violation of 18 U.S.C. §§ 7(3) and 1111; (2) two counts of using a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c) and (j); and (3) four counts of aiding and abetting in violation of 18 U.S.C. § 2. Defendant Melissa Hack has entered into a plea agreement, which was accepted by the Court. *See* Minutes of Proceedings (#248); Plea Agreement (#252). Trial is currently scheduled to commence on August 18, 2014.

      The case has been designated complex for purposes of discovery.[1] *See* Orders (#37) and (#68). From the outset, the parties have "acknowledg[ed] a duty to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of

---

[1] The charges are capital eligible offenses. After following the death penalty protocol for capital cases, the Government determined that it would not seek the death penalty. *See* Mins. of Proceedings (#169).

disclosures before seeking relief from the Court.  A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made before the Court." *See* Case Schedule (#37) at 4:9-15.  Defendants' motion (#185) is a broad-ranging discovery motion seeking an order compelling production under *Brady v. Maryland*, 373 U.S 83 (1963) and its progeny.  The motion sets forth 34 topics or categories of information requested.  The information requested falls within a broad spectrum, yet there is no indication that Defendants made a sincere effort to meet and confer before filing this motion.  The Government states that it was not notified prior to the filing of this motion and argues that the vast majority of the requested discovery has either been previously produced or otherwise resolved.  The Government also argues that it has complied, and will continue to comply, with its discovery obligations.  Consequently, the Government argues the motion is moot.  In reply, Defendants do not address the failure to meet and confer, but argue that the motion is specifically tailored to obtain: (1) appropriate *Brady* and *Giglio* information for government witnesses, (2) evidence to establish impeaching facts, and (3) a court order outlining the scope of the pre-trial *Brady* disclosure duties.

   The Court has reviewed the motion and agrees that the identified categories of requested information lack specificity and are general requests, much of which the Government concedes it is obligated to provide under well known case law.  The Court is concerned with the uncontested allegation that Defendants failed to meet and confer prior to filing this motion.  As a consequence, the Court is left with no particular dispute to resolve, except in very general terms requiring the Government to comply with pretrial discovery obligations of which it is already aware.  The basis for the broad, generalized requests appears to stem, in large measure, from the following language found in the dissenting opinion of *United States v. Olson*, 737 F.3d 625 (9th Cir. 2013):

> There is an epidemic of *Brady* violations abroad in the land.  Only judges can put a stop to it . . . . The panel ruling is not just wrong, it is dangerously broad, carrying far-reaching implications for the administration of criminal justice.  It effectively announces that the prosecution need not produce exculpatory or impeaching evidence so long as it's *possible* the defendant would've been convicted anyway.  This will send a clear signal to prosecutors that, when a case is close, it's best to hide evidence helpful to the defense, as there will be a fair chance reviewing courts will look the other way, as happened here.  A robust and rigorously enforced *Brady* rule is imperative because all the incentives prosecutors confront encourage them not to provide discovery or disclose exculpatory evidence.

737 F.3d at 626 & 630 (Kozinski, C.J., dissenting).  Generalized commentary regarding "an epidemic of *Brady* violations abroad in the land" certainly does not make it so in this case.  Moreover, the remedy for this "epidemic" is unlikely to be found in generalized, broad orders requiring the Government to comply with obligations with which it already must comply.  Given the wide range of agreement from the Government as to much of the information requested, the Court believes much of the motion is moot.  Nevertheless, the Court orders as follows:

**1. Bias Interests** – Requests (j), (k), and (l) under the sub-heading "Bias Interests" seek information concerning any informant in connection with this case.  The Court agrees with the Government that Defendants are not entitled to the informant information identified in these specific requests.  *See Roviaro v. United States*, 353 U.S. 52, 59-60 (1957); *see also United States v. Sai Keung Wong*, 886 F.2d 252, 257 (9th Cir. 1989).  Request (t) seeks information concerning any plea agreement or immunity agreement with any government witness.  The Government agrees that it must fully comply with its obligations under *Jencks* and *Giglio* and will provide the defendant with information reflecting agreements, including plea agreements or immunity agreements, with witnesses.  The Court agrees, however, with the Government that Defendants are not entitled to the "identity and notes of persons who were present when agreements were discussed, formulated, modified or executed" or "records and/or recordings of conversations concerning agreements" unless the it contains *Brady* material.  There is broad agreement on the need to produce information on all other subjects under this sub-heading.

**2. Personal Bias** – The Government agrees that it must provide the information requested, to the extent it exists, under *Jencks* and *Giglio*.

**3. Credibility Information** – The Government agrees that, under sub-heading (1) entitled "Police and court matters," it must disclose the criminal history reports of testifying witnesses.  It disagrees that it must provide Defendants with every possible document that may reflect impeachment information.  The parties should meet and confer on the latter, as the record does not show what specific impeachment information is sought.  Under sub-heading (2) entitled "Prior false statements" the Government agrees that it must provide the information requested for

witnesses it intends to call at trial and that it is obligated to turn over, to the extent it exists, statements of witness that the government believes to be false even if made in connection with another matter. Under sub-heading (3) entitled "Drug and alcohol use" the Government agrees that it must provide the requested information to the extent it has knowledge concerning the testifying witnesses. Under sub-heading (4) entitled "History of mental or physical health problems" the Government agrees that it must provide the requested information to the extent it has knowledge of the information. Under sub-heading (5) entitled "Aliases and false dates of birth" the Government agrees that it must disclose the information to the extent it has knowledge of the information. The Government agrees that it will provide the information requested under sub-heading (6) entitled "Reports of Investigation" for all witnesses it intends to call at trial in accordance with the case schedule. Lastly, the Government agrees that it must disclose information in its possession regarding payments and other benefits, "whether monetary or nonmonetary," provided to or requested by any testifying witness in this case.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Ross Hack's Motion for Pre-Trial *Brady* Information, Materials and Evidence for Both Government Witnesses Who Have Been Deemed Confidential Witnesses and Those Who Have Not (#185) is granted in part and denied in part as set forth herein.

**IT IS FURTHER ORDERED** that to the extent additional information is sought that is covered by this motion, Defendants shall initiate a meet and confer with Government counsel and submit, not later than **Wednesday, July 2, 2014**, a joint motion specifically identifying the disputed information requested and setting forth the parties respective positions regarding the disputed information.

DATED: June 20, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge